IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TONY RUIZ,                                                                                          PLAINTIFF
ADC #157474

v.                                          4:17CV00373-JTK

POPE COUNTY SHERIFF'S OFFICE, et al.                                  DEFENDANTS

**MEMORANDUM AND ORDER**

**I.     Introduction**

Plaintiff Tony Ruiz filed this pro se action pursuant to 42 U.S.C. § 1983 based on an incident which occurred while he was incarcerated at the Pope County Detention Center (Jail). He alleged Defendants Cartwright, Kendall, and Wimberly used excessive force against him and that Defendants Sweet, Linker, Jones and Wilson failed to adequately train and supervise them. (Doc. No. 1).[1]   Defendant Pope County Sheriff's Office was dismissed on July 24, 2017 (Doc. No. 9).

Pending before the Court are the Motion for Partial Summary Judgment, Brief in Support, and Statement of Facts, filed by remaining Defendants (Doc. Nos. 33-35).   Plaintiff did not respond, and by Order dated April 2, 2018, this Court cautioned Plaintiff that his failure to respond to the Motion within fifteen days of the date of the Order would result in either all the facts set forth in the Motion being deemed admitted by him, or dismissal of the action, without prejudice, for failure to prosecute (Doc. No. 38).   On April 13, 2018, the Court granted Plaintiff an additional thirty days in which to respond to the Motion (Doc. No. 41).   As of this date, however,

---

[1]Defendants Kendall and Wimberly provided the correct spelling of their names in their August 7, 2017 Answer to Plaintiff's Complaint (Doc. No. 19).

Plaintiff has not responded to the Motion.

## II.      Complaint

Plaintiff alleged that while a detainee at the Jail on October 18, 2016, he was injured during an altercation with Defendants Cartwright, Kendall, and Wimberly. (Doc. No. 2, pp. 3-5) He also alleged state law claims of assault and battery, negligence, and intentional infliction of emotional distress against these Defendants. (Id., pp. 6, 8, 9, 11)   He alleged Defendants Sweet, Linker, Jones, and Wilson were negligent and failed to adequately train and supervise the others, and that all Defendants are liable in their official capacities due to a Jail policy and practice to authorize officers to use excessive force and cover up those incidents. (Id., pp. 7-8, 10)

## III.     Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).   "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).   "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.   Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

    **A.**    **Official Capacity**

Absent a Response and evidence of a policy or pattern and practice, the Court agrees with Defendants that Plaintiff's monetary claims against them in their official capacities should be dismissed.   A suit against a county official in his/her official capacity is the equivalent of a suit against the county itself.   Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998).   In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions.   Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990). Evidence of a single incident is not evidence of a custom, and Plaintiff presented no evidence of a pattern of unconstitutional conduct sufficient to establish a custom.   See Parrish v. Luckie, 963 F.2d 201, 204 (8th Cir. 1992); Oklahoma City v. Tuttle, 471 U.S. 808, 821(1985).   In addition, Plaintiff cited to no official Jail policy to support his claims.

    **B.**    **Individual Capacity**

The Court also agrees that Plaintiff's claims against Defendants Sweet, Linker, Jones, and Wilson in their individual capacities should be dismissed, based on qualified immunity, which protects officials who act in an objectively reasonable manner.   It may shield a government

3

official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether a defendant is entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson, 583 F.3d at 528.

Supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009) (quoting Pearson v. Callahan, 555 U.S. at 236).

deliberate indifference toward the violation.  Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993).   In particular, the plaintiff must show that the supervisor knew about the conduct and facilitated it, approved it, condone it, or turned a blind eye to it.  Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995).  See also Otey v. Marshall, 121 F.3d 1150, 1155 (8th Cir. 1997) ("Section 1983 liability cannot attach to a supervisor merely because a subordinate violated someone's constitutional rights.")   In addition, to support a claim that Defendants unconstitutionally trained the Jail officers, Plaintiff must show the alleged failure to train "actually caused" the constitutional deprivation, and a supervisor is entitled to qualified immunity unless "a reasonable supervisor would have known that his training program (or lack thereof) was likely to result in the specific constitutional violation at issue." Parrish v. Ball, 594 F.3d 993, 1002 (8th Cir. 2010) (quoting Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996)).

In this case, Plaintiff did not allege, or provide any facts to show that Defendants Sweet, Linker, Jones, and Wilson were deliberately indifferent to a need for more or different training, or that they were aware of a pattern of unconstitutional conduct of the other Defendants which required remedial action.   He also never alleged their personal involvement in the incident at issue.   Therefore, the Court finds Defendants are entitled to qualified immunity from Plaintiff's constitutional allegation.

      C.      **Negligence claim**

Although Plaintiff entitled Count XII of his complaint as "Negligence Defendants Pope County Sheriff's Office, Sweet, Jones, Linker, Wilson, Wimberley, Cartwright, and Kendall," his allegations in that count do not refer to actions of the separate Defendants, but rather to the liability of the Sheriff's Office for the negligence of the other Defendants. (Doc. No. 2, p. 11) As noted earlier, the Sheriff's Office was dismissed from this action on July 24, 2017 (Doc. No. 9).

Therefore, absent more specific allegations of how Defendants' actions constituted negligence, and based on the above finding that Plaintiff presented no evidence to support a failure to train claim or how their specific actions/inactions contributed to the incident, the Court finds the state law negligence claim against Defendants Sweet, Jones, Linker, and Wilson also should be dismissed.

>   **D.    Tort of Outrage**

Again, absent a response or other factual submissions from the Plaintiff, the Court agrees with Defendants that the state law claim of intentional infliction of emotional distress (outrage) should be dismissed.   Plaintiff alleged that Defendants Wimberly, Cartwright, and Kendall intentionally beat him and verbally abused him in a "manner that was extreme, outrageous, and unjustified," and caused him to suffer physical and emotional distress. (Doc. No. 2, p. 9)   In order to support a claim for intentional infliction of emotional distress, Plaintiff must allege that Defendants intended to inflict emotional distress, the conduct was "extreme and outrageous," "beyond all possible bounds of decency," and "utterly intolerable in a civilized community," that Defendants' actions caused his distress, and the emotional distress Plaintiff sustained was so severe that no reasonable person could be expected to endure it.   Kiersey v. Jeffrey, 369 Ark. 220, 222, 253 S.W.3d 438, 441 (Ark. 2007)   In Kiersey, the court listed examples where insufficient evidence was presented to prove emotional distress, such as weight loss, depression, loss of sleep and appetite, anxiety, or necessity for prescription medication. 253 S.W. 3d at 443. However, in this case, Plaintiff only alleged that he suffered physical and emotional distress, and the Court finds such insufficient to satisfy the fourth element of an outrage claim.[3]

---

[3] The excessive force, assault and battery, and negligence claims against Defendants Cartwright, Kendall, and Wimberly remain.

## IV. Conclusion

IT IS, THEREFORE ORDERED that:

1. Defendants' Partial Motion for Summary Judgment (Doc. No. 33) is GRANTED.

2. Plaintiff's claims against Defendants Sweet, Linker, Jones, and Wilson are DISMISSED with prejudice.

3. Plaintiff's state law claim of intentional infliction of emotional distress against Defendants Cartwright, Kendall, and Wimberly is DISMISSED without prejudice.

IT IS SO ORDERED this 24th day of May, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE